UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CR-690 MTS ) |
| THEODORE JOHN SARTORI SR., | ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

**1.   PARTIES**

The parties are the defendant Theodore John Sartori Sr., represented by defense counsel Michael Jones, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for the defendant's voluntary plea of guilty to Count Four of the superseding indictment, the Government agrees to move for the dismissal as to Count Two of the superseding indictment at the time of sentencing. The Government also agrees that no further federal prosecution will be brought in this District relative to the defendant's conduct as described in the superseding indictment, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

The defendant agrees to a restitution amount of $25,000 plus the proceeds of his 1995 Ford Mustang to be provided to the victim. In detail, the defendant agrees to forfeit his 1995 Ford Mustang, VIN: 1FALP45T8SF155016 with the intent that the proceeds will be used as partial restitution to the victim. Additionally, the United States will forego the forfeiture of the property at 918 W. Fitzgerald Ave, Gerald, Missouri 63037, if the defendant pays a sum of $15,000 towards restitution by the time of sentencing. A remaining payment of $10,000 towards restitution will be paid within 36 months of being placed on supervised release or probation.

3.  **ELEMENTS**

2

As to Count Four, the defendant admits to knowingly violating Title 18, United States Code, Section 2423(b), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) The defendant knowingly traveled in interstate commerce; and

(2) The defendant traveled for the purpose of engaging in illicit sexual conduct.

4. **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

At some point in time, but before the year 2013, Theodore John Sartori Sr. ("Sartori") and co-defendant Donald Fields ("Fields") developed and maintained a friendship. At some point in time, Sartori became sexually interested in Field's then fourteen-year-old daughter ("the minor"). An agreement was made between Sartori and Fields whereby Sartori would receive sexual access to the minor and, in exchange, Sartori would provide items of value to Fields.

During approximately the winter of 2013, Sartori and Fields approached the minor and dictated that the minor would begin record-keeping and cleaning for Sartori at Sartori's home. However, it was Sartori and Fields' plan that in addition to performing housekeeping duties while at Sartori's home that the minor would engage in sexual acts with Sartori. In accordance with the initial agreement, on numerous occasions between approximately the winter of 2013 through approximately the summer of 2016, Sartori engaged in sexual activity with the minor. In

exchange, Sartori provided Fields with items of value including cash, a Mustang, a motorcycle, Christmas presents, and vacations.

In the summer of 2016, Sartori financed a vacation to Destin, Florida for the Fields' family. During this vacation, Sartori drove the minor from the Eastern District of Missouri to the State of Florida with the intention of engaging in sexual activity. While staying with the Fields' family in Florida, in at least one instance, Sartori engaged in illicit sexual conduct with the minor. The performed illicit sexual conduct meets the federal definition of 'sexual act" as defined by Title 18, United States Code Section 2246.

**5.   STATUTORY PENALTIES**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 30 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of any terms of years not less than 5 years and up to life.

**6.   U.S. SENTENCING GUIDELINES (2023 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines Total Offense Level provisions apply.

   a. **Chapter 2 Offense Conduct:**

   (1) **Base Offense Level:** The parties agree that the base offense level is twenty four, as found in Section 2G1.3(a)(4).

   (2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

Because the defendant unduly influenced a minor to engage in prohibited sexual conduct, the total offense level increase by **two levels**, as found in Section 2G1.3(b)(2)(B);

Because the defendant engaged in the commission of a sex act, the total offense level increases by **two levels**, as found in Section 2G1.3(b)(4)(A).

  b. **Chapter 3 Adjustments**:

   **(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

  c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **twenty-five**.

  d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  e. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

   a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   **(2) Sentencing Issues** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence—above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

   b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6

8. **OTHER**

   a. **Disclosures Required by the United States Probation Office**: The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies**: Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

   c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling, and that defendant not maintain a post office box. In addition, as a condition of supervised release, the defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

   These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United

States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d. Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2023, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

> Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

    **e. Possibility of Detention**: The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f. Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the

parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

The defendant agrees to a restitution amount of $25,000 plus the proceeds of his 1995 Ford Mustang to be provided to the victim. In detail, the defendant agrees to forfeit his 1995 Ford Mustang, VIN: 1FALP45T8SF155016 with the intent that the proceeds will be used as partial restitution to the victim. Additionally, the United States will forego the forfeiture of the property at 918 W. Fitzgerald Ave, Gerald, Missouri 63037, if the defendant pays a sum of $15,000 towards restitution by the time of sentencing. A remaining payment of $10,000 towards restitution will be paid within 36 months of being placed on supervised release or probation.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The

defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

**9.     ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the defendant acknowledges, fully understands, and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial

will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant understands that, by pleading guilty, the defendant will be subject to federal and state sex offender registration requirements and that those requirements may apply for life. The defendant understands that the defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes in name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person said sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Missouri following release from prison, the defendant will be subject to the registration requirements of Missouri state law. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the

11

defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

### 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government

may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

8/7/2024
Date

Dianna R. Collins
Assistant United States Attorney

8/7/24
Date

Theodore John Sartori, Sr.
Defendant

8/7/24
Date

Michael Jones
Attorney for Defendant