UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 4:22CR690 MTS PLC |
| | ) | |
| THEODORE SARTORI, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**OBJECTIONS TO PSR**

Defendant Theodore Sartori, Sr., through counsel, objects to certain aspects of the PSR, and states as follows:

1. Defendant objects to paragraph 88 of the PSR, specifically to several conditions.

2. On page 19 of the report, there are a litany of conditions referencing computers and electronic devices on the purported justification that Sartori used electronic communications with the minor victim in this case. There is no evidence that is the case. The discovery showed that in certain instances, the minor victim's father texted or telephoned Sartori pretending to be the minor victim asking for items of value. But there is no evidence that Sartori was using a computer or any other electronic device to communicate with the minor victim. A possible text message or cellular phone call, which was not proved, would not justify the conditions listed here.

Conditions of the kind mentioned here would be appropriate for a defendant who used the internet to communicate with victims in chat rooms, who trolled online social media sites for victims, responded to online ads, or the like. Neither the internet nor electronic devices played any real role in this case, and the conditions do not bear any reasonable relationship to the offense. There is no evidence in this case that Sartori used the internet at all. There is no evidence that Sartori was involved with adult pornography, much less child pornography. There is no evidence that he was using the internet or electronic devices to look for minors.

Special conditions of supervised release must be based on accurate information and must reasonably relate to the sentencing objectives in 18 U.S.C. Section 3553(a). Conditions must account for the history and characteristics of the defendant, involve no greater deprivation of liberty than is reasonably necessary to achieve deterrence, incapacitation and rehabilitation and be consistent with the Sentencing Commission's policy statements. 18 U.S.C. Section 3583(d); *United States v. Russell*, 81 F.4th 726, 729 (7th Cir. 2024); *United States v. Werkmeister*, 62 F.4th 465, 472 (8th Cir. 2023). The conditions do not reasonably relate to anything in the case and are not based on accurate information. They do not account at all for Sartori's history and characteristics.

For these reasons, Sartori objects to every condition listed on page 19 of the PSR, and the top condition listed in page 20.

3. For the same reason, Sartori objects to the condition on page 20 that bars him from viewing or possessing a visual depiction of sexually explicit conduct." The

condition bears no relation to the case or to Sartori's history or characteristics. This is not a pornography case. The acts that formed the basis of this offense took place about 10 years ago. There is no evidence that the defendant has any urges to look at any material involving minors, and no evidence to suggest that viewing adult material would lead to an urge to do so here.

4. Sartori objects to the requirement on page 21 to complete a sex-offender treatment program. Sartori would have no objection to having a sex-offender assessment, but sex-offender treatment 10 years after the offense, without any evidence supporting an ongoing issue, and again after any sentence in this case is a premature condition.

5. Sartori objects to the condition on page 21 that he pay for the costs of any future counseling of the minor victim in this case. The restitution being ordered in this case was an amount agreed upon with the government. That amount, in addition to the proceeds of the vehicle to be forfeited in this case, were designed to provide compensation to the victim for that purpose. Secondly, one may not assume that, if the minor victim needs counseling in the future, it is all due to Sartori.

6. Sartori objects to the condition that he not incur lines of credit or incur new credit charges without the permission of the probation department. The agreement with the government is that Sartori pay a certain amount within three years of release on supervised release. Sartori intends to get into some sort of business involving vehicles when he is released from his sentence, and it would be a

hardship for a man in his sixties to have to get permission to borrow money from a bank or get a credit card to try and earn a living.

Respectfully Submitted,

   /s/ *Michael F. Jones*
Michael F. Jones, 52112MO
Travis Noble, P.C.
8000 Maryland Ave., Ste. 910
Clayton, MO  63105
mjones@travisnoble.com
Fax:   314-721-6040
Voice: 314-721-8545

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record

   /s/ *Michael F. Jones*
Michael F. Jones